1
2
3
4
5
6                    UNITED STATES DISTRICT COURT

7                   SOUTHERN DISTRICT OF CALIFORNIA

8

9    RABIEH ALAWAD,                          Case No.:  3:16-CV-2227-JAH-BLM
                                  Petitioner,
10                                            **ORDER DISMISSING AS MOOT**
     v.                                       **PETITION FOR WRIT OF HABEAS**
11                                            **CORPUS PURSUANT TO 28 U.S.C §**
     FRED FIGUEROA, *Warden;* GREGORY         **2241**
12   ARCHAMBEAULT*, Field Office
     Director, U.S. Immigration and Customs
13   Enforcement; et al.,*

14                               Respondents.

15

16

17                            **INTRODUCTION**

18        Pending before the Court is Rabieh Alawad's ("Petitioner") Petition for Writ of

19   Habeas Corpus pursuant to 28 U.S.C. § 2241. (*See* Petition, ECF No. 1).  The Petition is

20   fully briefed.  (*See* ECF No. 3, 4, 6, 8, 9).  Upon review of the parties' submissions, and

21   for the reasons set forth below, the Court **DENIES as moot** the Petition for Writ of Habeas

22   Corpus.

23                            **BACKGROUND**

24        Petitioner is a Syrian national, and in March of 2016 traveled with his family via

25   Mexico seeking refuge "from religious and political persecution" in the United States at

26   the San Ysidro, California, Port of Entry.  (ECF No. 1 at 3).  There, Petitioner presented

27   himself to a United States Customs and Border Patrol official and requested asylum.  (*Id*.)

28   Petitioner was detained in Otay Mesa and his family was transferred to a residential center

                                      1

1    in Dilley, Texas.  (*Id*.)  Petitioner's wife was interviewed by an asylum officer with the

2    U.S. Citizenship and Immigration Service (CIS) who determined she had "a credible fear

3    of persecution and torture and issued a positive fear determination[.]"  (*Id*.)  On April 7,

4    2016, a CIS asylum officer interviewed Petitioner and consolidated his application with his

5    wife's asylum application. *(Id.* at 4).   Petitioner was subsequently put in removal

6    proceedings by the San Diego Immigration Court, where he requested discretionary parole.

7    (*Id*.)  Petitioner's request was denied. (*Id*.)  Petitioner later appeared before an Immigration

8    Judge ("IJ") asserting the IJ possessed jurisdiction to hold a bond determination hearing

9    under *Matter of X-K-,* 23 I&N Dec. 731 (BJA 2005)[1] under section 235(b)(1)(A) of the

10   Immigration and Nationality Act (INA), 8 U.S.C. § 1225(b)(1)(A) (2000).  (*Id*. at 5).  DHS

11   opposed the request, and the Immigration Judge subsequently denied Petitioner's request.

12   (*Id*.)

13        The instant petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 was

14   filed with this Court on September 2, 2016.  (*See generally* ECF No. 1).  Relevant here,

15   Petitioner requested relief in the form of a bond redetermination hearing or an immediate

16   release from custody.  (*Id*. at 7).  An appeal of the Immigration Judge's decision was

17   pending with the Board of Immigration Appeals at the time of Petitioner's filing.  (*Id*.)

18   Respondents filed a return arguing the Immigration Judge lacked jurisdiction until

19

20

21   [1] In *Matter of X-K-*, the Board of Immigration Appeals held that an asylum seeker who is initially placed
     in expedited removal proceedings under INA § 235(b)(1)(A), 8 U.S.C. § 1225(b)(1)(A), but who then is
22   placed in regular removal proceedings under INA § 240, 8 U.S.C. § 1229a proceedings after a positive
     credible fear determination, is eligible for a bond hearing before an IJ unless the alien is a member of
23   any of the listed classes of aliens who are specifically excluded from the custody jurisdiction of IJs
     pursuant to 8 C.F.R. § 1003.19(h)(2)(i).  In re *Matter of X-K-,* 23 I&N Dec. 731 (BJA 2005).  The
24   Attorney General later issued a self-certification finding *Matter of X-K-* to have been "wrongly decided"
     and overruling it.  *Matter of M-S-*, 27 I. & N. Dec. at 510.  In *M-S-*, the alien was transferred from
25   expedited to full removal proceedings after establishing a credible fear, and an IJ ordered his release on
     bond. The Attorney General disagreed with the BIA's statutory interpretation in *Matter of X-K-* and
26   concluded that the "text ... mandate[d]" the conclusion that "aliens who are originally placed in
     expedited proceedings and then transferred to full proceedings after establishing a credible fear ...
27   remain ineligible for bond, whether they are arriving at the border or are apprehended in the United
     States." *Matter of M-S-*, 27 I. & N. Dec. at 515.

28

1    Petitioner was in custody for six-months[2], a threshold not met at the time of filing.  (*See*

2    Resp. Return, ECF No. 3).  Petitioner appeared before an Immigration Judge on October

3    12, 2016, for a bond hearing.  (*Id*. at 2).

4         Petitioner filed a reply in support of his petition but did not specifically address his

5    upcoming bond hearing, only to say he has exhausted his administrative remedies, and a

6    failure to do so is not required to seek relief under § 2241.  (*See* Pet. Reply, ECF No. 4).

7    Rather, Petitioner reasserted his challenge to 8 C.F.R. 1003.19(h)(2)(i)(B) as *ultra vires*

8    and unconstitutional.[3]  (*Id*.)

9         On October 14, 2016, the Court requested both parties to file a status report by

10   October 28, 2016, addressing the status of the Petitioner's immigration proceedings.

11   (Order for Status, ECF No. 5).  Respondents filed a status report stating Petitioner appeared

12   before the Immigration Judge for a bond hearing on October 12, 2016, and was released

13   on bond that same day. (Resp. Status Rep., ECF No. 6).   Respondents argued that

14   Petitioner's petition should be dismissed as moot because he was released from custody.

15   (*Id.*)  Petitioner failed to file a status report. Thereafter, the Court directed Petitioner file a

16   supplemental brief to address whether his petition was now moot.  (Order for Supp. Brief.,

17   ECF No. 7).

18        On November 15, 2016, Petitioner filed a supplemental brief where he argued (1)

19   his release does not make his Petition moot since he is subject to detention at any time; (2)

20   his petition is not moot as it alleges constitutional and legal violations that are capable of

21

22

23   [2] This argument has been dismissed by the Supreme Court in *Jennings v. Rodriguez*, where the Court
     found, "Nothing in § 1226(a)'s text—which says only that the Attorney General 'may release' the alien

24   'on ... bond'—even remotely supports the imposition [of periodic bond hearings every six months].  Nor
     does § 1226(a)'s text even hint that the length of detention prior to a bond hearing must specifically be

25   considered in determining whether the alien should be released."  138 S. Ct. 830, 847-48 (2018).  The
     Court declined to engage further in any bail-related constitutional argument.

26   [3] "Upon expiration of the Transition Period Custody Rules set forth in section 303(b)(3) of Div. C. of
     Pub. L. 104–208, an immigration judge may not redetermine conditions of custody imposed by the

27   Service with respect to the following classes of aliens: . . . (B) Arriving aliens in removal proceedings,
     including aliens paroled after arrival pursuant to section 212(d)(5) of the Act[.]"  8 C.F.R.

28   1003.19(h)(2)(i)(B).

1   repetition yet evading review, and; (3) administrative remedies are inadequate, and a

2   showing of irreparable injury should not be required.  (*See* Pet. Supp. Brief, ECF No. 8).

3   Respondents argued (1) no collateral consequence exists to be redressed by way of the

4   Habeas petition; (2) Petitioner does not challenge the Immigration Judge's bond decision;

5   and (3) Petitioner incorrectly suggests that Respondents would ignore the Immigration

6   Judge's bond decision and act unlawfully.  (*See* Resp. Supp. Brief, ECF No. 9).

7                                    **LEGAL STANDARD**

8          Under 28 U.S.C. § 2241, district courts have jurisdiction to consider a habeas

9   petition brought by a federal pretrial detainee.  *See McNeely v. Blanas*, 336 F.3d 822, 824

10  (9th Cir. 2003); *Hoyle v. Ada Cty.*, 501 F.3d 1053, 1058 (9th Cir. 2007).  Pursuant to section

11  2241(c)(3), a district court may grant a writ of habeas corpus to a federal detainee "in

12  custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C.

13  § 2241(c)(3).

14                                       **ANALYSIS**

15  **I.    Mootness**

16         Petitioner seeks relief in the form of a bond redetermination hearing or an immediate

17  release from custody.  As noted above, Petitioner appeared before an Immigration Judge

18  for a bond hearing on October 12, 2016, and was released on a $1500 bond that same day.

19  (ECF Nos. 6, 9).  Petitioner's release from custody renders his petition moot.  *See Abdala*

20  *v. I.N.S.*, 488 F.3d 1061, 1063064 (9th Cir. 2007) ("[F]or a habeas petition to continue to

21  present a live controversy after petitioner's release. . .  there must be some remaining

22  'collateral consequence' that may be redressed by success on the petition." (citation

23  omitted.))

24         Petitioner contends this Court maintains jurisdiction on the basis of collateral legal

25  consequences, and wrongs capable of repetition, yet evading review.  (ECF No. 8 at 7-11).

26  However, Petitioner has not demonstrated that he will suffer any remaining legally

27  cognizable collateral consequences and asserts no other viable collateral consequences that

28  his original petition could have redressed, as he was granted a bond redetermination

                                              4

hearing as requested.  As such, "there [is] no extant controversy for the district court to act upon."  *Abdala,* 488 F.3d at 1065.  Furthermore, there is no reasonable expectation that Petitioner would be unlawfully detained in the future.  If Petitioner's bond was revoked, it would be based on new justifications, at which time he can bring a new habeas petition.  *See, e.g., Murphy v. Hunt*, 455 U.S. 478, 482–84 (1982) (declining to apply exception even when the plaintiff had suffered an initial injury because the possibility of recurring injury was speculative); *see also Spencer*, 523 U.S. at 17-18 ("[Petitioner] has not shown (and we doubt that he could) that the time between parole revocation and expiration of sentence is always so short as to evade review.  Nor has he demonstrated a *reasonable likelihood that he will once again be paroled and have that parole revoked*." (emphasis added)).

## II.    Due Process Challenge

"Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Fifth Amendment's Due Process] Clause protects."  *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).  Petitioner was granted a bond determination hearing and is no longer detained and, therefore, his due process challenge is also moot.  *See Moses v. Lynch*, 2016 WL 2636352 (D. Minn. April 12, 2016), report and recommendation adopted, 2016 WL 2596020 (D. Minn. May 5, 2016) ("[w]hen immigration officials reach continued-custody decisions for aliens who have been ordered removed according to the custody-review procedures established in the Code of Federal Regulations, such aliens receive the process that is constitutionally required.").  Absent a showing that there was a violation of the established regulatory framework, the Court does not see any basis to find a violation of Petitioner's due process rights.

///

///

///

///

///

///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONCLUSION**

Based on the foregoing reasons, Petitioner's petition for habeas relief pursuant to U.S.C. 2241 is **DISMISSED as moot**.

**IT IS SO ORDERED.**

DATED: March 30, 2021

_____

HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE

6